IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BARBARA H. LEE, et al., | ) ) ) ) |
| *Plaintiffs*, | ) Civil Action No. 3:15 CV 00357 HEH ) |
| v. | ) ) |
| VIRGINIA STATE BOARD OF ELECTIONS, et al., | ) ) ) |
| *Defendants*. | ) ) |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND/OR FOR PROTECTIVE ORDER OF TERESA F. SMITHSON, GENERAL REGISTRAR**

**INTRODUCTION**

Plaintiffs Barbara H. Lee, Gonzalo J. Aida Brescia, and the Democratic Party of Virginia (collectively, "Plaintiffs") have served an overly broad and unduly burdensome subpoena *duces tecum* on Teresa F. Smithson, General Registrar for Hanover County, and the Hanover County Electoral Board (collectively, "Registrar"), who are non-parties to this litigation. The subpoena requests the production of hundreds of thousands of records and other information that, in large part, are irrelevant to the claims Plaintiffs assert. Moreover, Plaintiffs issued the subpoena on September 24, 2015, after Defendants had filed a Motion to Dismiss that seeks the dismissal of the entire case. That motion is pending and this Court's ruling on it may well moot the subpoena altogether. Finally, the subpoena requests that the Registrar produce her records on or before October 14, 2015 – less than one month before Election Day – and in a format in which her records are not maintained. For these reasons, as set forth more fully below, the Registrar requests that the Court quash the subpoena *duces tecum* or, in the alternative, issue a protective order that

1

establishes November 20, 2015 as the return date for the requested records and information, and otherwise limits the scope of the subpoena.

## STATEMENT OF THE CASE

Plaintiffs' Amended Complaint asserts five claims against Defendants Virginia State Board of Elections and certain officials of the Board of Elections (collectively, "Defendants"). These claims allege in Count I violations of Section 2 of the Voting Rights Act, which prohibits practices that infringe voting rights on the basis of race and color. Count II challenges Virginia's voter identification law under the Equal Protection Clause, alleging that it "impos[es] . . . severe burdens on African-American, Latino, young, poor and Democratic voters . . ." Am. Compl. ¶ 110. Count III challenges Virginia's voter identification law, on the grounds that it "suppress[es] the vote of Democrats." Am. Compl. ¶ 116. Count IV challenges Virginia's voter identification law on the grounds of intentional racial discrimination. Am. Compl. ¶ 121. Count V challenges Virginia's voter identification law on the grounds of "abridgement and denial of the right to vote for young voters on account of age." Am. Compl. ¶ 126.

Defendants moved to dismiss the Amended Complaint on August 28, 2015. Defendants' motion is pending with this Court.

Plaintiffs served their subpoena *duces tecum* on the Registrar on September 24, 2015. *See* Exhibit A. The subpoena seeks the production of 34 discrete categories of records, not including subparts, related to the administration of elections in Hanover County dating back to 2001. The Registrar now moves for relief from the subpoena.

## ARGUMENT

Rule 45 imposes the duty that, when issuing a subpoena to a non-party, the issuer must make reasonable efforts "to avoid imposing undue burden or expense" to the recipient of the

subpoena. Fed. R. Civ. P. 45(d)(1). This limitation operates in tandem with Rule 26(b)(1), which limits the scope of discovery to "nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240-41 (E.D. Va. 2012). Moreover, Rule 45(c)(3) provides that the Court is *required* to quash or modify a subpoena that "subjects a person to an undue burden" or "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(c)(3). Because the Plaintiffs' subpoena is unduly burdensome and does not afford the Registrar a reasonable amount of time to comply, it should be quashed or modified, or, in the alternative, made subject to a protective order.

The Plaintiffs' subpoena to the Registrar imposes an undue burden on her because it is overbroad. *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008) (finding a subpoena to be overbroad "to the extent that it [did] not limit the documents requested to subject matter relevant to the claims or defenses [in the case] . . . and pose[d] an undue burden on the [individuals subject to the subpoena]). A subpoena is overbroad where it "does not limit the [documents] requested to those containing subject matter relevant to the underlying action." *Singletary*, 289 F.R.D. at 241 (alteration in original).

The subpoena to the Registrar seeks the production of 34 discrete categories of records and information related to the administration of elections in Hanover County. Among these is the following request:

> All documents regarding persons (including documents regarding the number of people) who signed a sworn statement as a means of proving residency and/or verifying identity in order to vote in an election in Virginia and/or Hanover County. This includes all documents and/or communications that contain . . . a breakdown of such data by municipality, age, race, ethnicity, gender, partisan affiliation, and/or date of registration.

3

Exhibit A, p. 6. Documents responsive to this request would include the voter registration forms for all of Hanover County's registered voters, without limitation. There are currently at least 72,000 registered voters in Hanover County, all of whom have submitted a voter registration application to the Registrar. These applications not only contain private information (i.e., social security numbers, dates of birth) that must be redacted before being released in order to comply with state and federal law, but they contain no information regarding race, ethnicity or partisan affiliation.[1] The responsive records thus provide none of the information relevant to the Plaintiffs' claims, which are directed at voting laws and practices that discriminate on the basis of "race and color" (Count I), that disparately impact "African-American, Latino, young, poor and Democratic" voters (Count II), that disparately impact "Democrats" (Count III), that are racially discriminatory (Count IV) and that discriminate against young voters (Count V). Am. Compl. ¶¶ 100-26. Containing none of this information, the requested documents are not relevant to the Plaintiffs' claims in the underlying action.

Another overly broad and unduly burdensome topic included in the subpoena to the Registrar requests –

> All documents regarding pollworkers who worked at each polling place in Hanover County for the 2008, 2010, 2012 and 2014 elections. This includes documents concerning the scheduling of pollworker work shifts on election day; the number of pollworkers on duty during each one hour increment that the polls were open on election day; and the number of years of experience (as pollworkers) of each of the pollworkers on duty during each one hour increment that the polls were open on election day.

---

[1] Plaintiffs similarly request records that reflect "municipality, age, race, ethnicity, gender, and/or partisan affiliation" in topics 2, 3, 4, 5, 6, 7, 8, 9, 28, and 34 of the subpoena to the Registrar. *See* Exhibit A. This information is either not contained in the Registrar's records, or, with respect to birth date information, it must be redacted from the records prior to production.

4

*See* Exhibit A, p. 10. The records responsive to this request would include the complete personnel files for each of the 221 pollworkers (also known as officers of election) employed by the Registrar. In *Singletary v. Sterling Transportation Company*, a case involving overtime compensation, a similar subpoena for entire employment files was quashed because it would require the production of "medical information, social security numbers, payroll information, income tax information, information about family members, and other documents completely extraneous to this litigation." 289 F.R.D. 237, 241 (E.D. Va. 2012). It is not apparent how any of the information contained in the personnel files of the 221 officers of election could possibly be relevant to the Plaintiffs' claims in this case.

An undue burden also "encompasses situations where the subpoena . . . would require a non-party to incur excessive expenditure of time or money . . ." *Cook v. Howard*, 484 Fed. Appx. 805, 812 n.7 (4th Cir. 2012). The subpoena to the Registrar imposes an undue burden by requiring a response within a very limited amount of time. The Registrar's Office employs three fulltime staff members whose primary responsibility is the registration of voters and the conduct of fair and orderly elections. The next election will take place on November 3, 2015, and absentee balloting for that election has already begun. The subpoena in question was served on the Hanover Registrar on September 24, 2015, with a return date of October 14, 2015. *See* Exhibit A. It will be extremely difficult for the Registrar to comply with the October 14, 2015 return date on the subpoena because it will require her office's three employees to search for, review and scan into the requested format upwards of 75,000 documents within 20 days, significantly detracting from the Registrar's ability to administer the upcoming election.

The manner of production specified in the subpoena's instructions further exacerbates the burden the subpoena imposes on the Registrar. Specifically, Instruction 3 states that all documents

are to "be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG). Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format . . . ." Exhibit A, p. 4. The Registrar does not maintain her records as TIFFs, nor does she have the capability of producing her records "with an image load file in standard Opticon (*.log) format." To produce documents in this requested format, the Registrar would have to convert thousands of documents from paper, PDF, Excel or Word format into TIFFs, requiring hours of time of the Registrar's employees. To comply with the requirement to produce "an image load file in standard Opticon (*.log) format," the Registrar would be required, in addition, to purchase technology she does not have.

Finally, the subpoena requires the Registrar to produce documents without redacting personal information, such as social security numbers and dates of birth, contrary to the requirements of Rule 5.2 of the Federal Rules of Civil Procedure and Section 2.2-3808.1 of the Code of Virginia. Because many of the requested documents include voter registration applications, provisional ballot information and other documents containing the personal information of Hanover citizens, performing the necessary redactions in an effort to produce the requested documents would require the dedication of many hours of Registrar employees' time, which they need to devote to preparing for the General Election on November 3.

**CONCLUSION**

For the forgoing reasons, the Registrar respectfully request that this Court quash the subpoena *duces tecum* directed to her because it is overly broad and burdensome, and/or issue a protective order with respect to the subpoena to narrow its scope and establish a date no earlier than November 20, 2015 as the return date for the subpoena.

                                        TERESA F. SMITHSON,
                                        GENERAL REGISTRAR, ET AL.

                              By: _____/s/_____
                                                      Counsel

Yvonne S. Gibney (VSB No. 26074)
Deputy County Attorney
OFFICE OF THE COUNTY ATTORNEY
Post Office Box 470
Hanover, Virginia 23069-0470
(804) 365-6035
(804) 365-6302 (facsimile)
ysgibney@hanovercounty.gov
*Counsel to Teresa F. Smithson, General Registrar*
*and Hanover County Electoral Board*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

                              Respectfully submitted,

                              _____/s/_____
                              Yvonne S. Gibney, VSB No. 26074
                              Deputy County Attorney
                              OFFICE OF THE COUNTY ATTORNEY
                              Post Office Box 470
                              Hanover, Virginia 23069-0470
                              (804) 365-6035
                              (804) 365-6302 (facsimile)
                              ysgibney@hanovercounty.gov
                              *Counsel for Teresa F. Smithson, General Registrar and Hanover County Electoral Board*