IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BARBARA LEE, *et al.*, )
    Plaintiffs, )
)
v. ) Civil Action No. 3:15CV357 (HEH-RCY)
)
VIRGINIA STATE BOARD )
OF ELECTIONS, *et al.*, )
    Defendants. )
_____ )

**ORDER**
**On Legislative Nonparties' Motion for Stay of Discovery and Motion to Quash Subpoenas and/or Motion for Protective Order**

This matter is before the Court for resolution of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) on the Legislative Nonparties' Motion for Stay of Discovery and Motion to Quash Subpoenas and/or Motion for Protective Order ("Mot. to Quash," ECF No. 71).

Having considered the Parties' motions, briefs, and controlling Fourth Circuit and Supreme Court law, and for the reasons discussed in the Memorandum Opinion, the Court holds (1) that legislative privilege precludes the production of communications between and among the Nonparty Legislators and the Legislative Employees; (2) that legislative privilege does not preclude the production of communications between and among the Nonparty Legislators and Third Parties, such as state agencies, constituents, and lobbyists, among others; (3) that legislative privilege does not preclude the production of communications between and among the Legislative Employees and Third Parties; and, (4) given the limitations noted in the Memorandum Opinion and the fact that discovery is broad in scope and freely permitted, that the production of communications with Third Parties is not unduly broad or burdensome.

Accordingly, the Court ORDERS that the Motion to Quash (ECF No. 71) is GRANTED IN PART and DENIED IN PART, as follows:

- The Motion is GRANTED to the extent that the Nonparty Legislators need not produce any communications regarding Senate Bills 702, 964, and 1150; voter wait time and/or lines at the polls; or, the re-enfranchisement of non-violent felons;

- For communications regarding Senate Bills 1, 663, and 1256, and the topic of voter identification, including free voter identification:

    o The Motion is GRANTED to the extent that the Nonparty Legislators need not produce communications between and among themselves and the Legislative Employees;

    o The Motion is DENIED to the extent that the Nonparty Legislators must produce communications, in their possession, (1) between and among themselves and any Third Parties and (2) between and among the Legislative Employees and any Third Parties (collectively, "Third-Party Communications");

        ▪ The Nonparty Legislators must produce any Third-Party Communications from 2012 through the date on which the Complaint was filed, June 11, 2015;

        ▪ The Nonparty Legislators must produce any Third-Party Communications no later than January 7, 2015;

- The Motion is DENIED to the extent it seeks a protective order; and,

- The Motion is DENIED as MOOT to the extent it seeks a stay of discovery.

It is SO ORDERED.

Let the Clerk file this Order and accompanying Memorandum Opinion electronically and notify all counsel accordingly.

/s/ 
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: December 23, 2015