THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| BARBARA H. LEE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Civil Action No. 3:15-CV-357-HEH |

## CONSENT DECREE

The parties to this Consent Decree are Barbara H. Lee, Gonzalo J. Aida Brescia, and the Democratic Party of Virginia (collectively "Plaintiffs"); and the Virginia State Board of Elections, James B. Alcorn (in his capacity as the Chairman of the Virginia State Board of Elections), Dr. Clara Belle Wheeler (in her capacity as the Vice-Chair of the Virginia State Board of Elections), Singleton B. McCallister (in her capacity as Secretary of the Virginia State Board of Elections), the Virginia Department of Elections, and Edgardo Cortes (in his capacity as the Commissioner of the Virginia Department of Elections) (collectively "Defendants").

Plaintiffs claim the Virginia State Board of Elections (the "Board") and the Virginia Department of Elections (the "Department") failed to address long wait times many Virginia citizens experienced when they sought to cast a ballot in past elections, in violation of Section 2 of the Voting Rights Act, and the First, Fourteenth, Fifteenth and Twenty-Sixth Amendments of the U.S. Constitution (the "Long Lines Claim"). The Board and Department dispute the plaintiffs' allegations. The Court entered an Order on Defendants' Motion to Dismiss Plaintiffs'

Amended Complaint on December 18, 2015 which dismissed without prejudice Plaintiffs' Long Lines Claim. However, in the absence of this Consent Decree, Plaintiffs would have sought leave to amend their Complaint and would have pursued all available legal remedies to address their Long Lines Claim. As a result, all parties would have expended additional resources and expense litigating Plaintiffs' Long Lines Claim.

All parties agree there is a mutual desire for Virginia voters to be able to cast their ballot without having to wait in a long line at their polling place and desire to resolve this claim in the most fair, just and cost efficient manner possible. Given this common goal, the parties have reached the following settlement of the Long Lines Claim.

Defendants agree to perform the undertakings set forth below during the term of this Consent Decree, which shall expire on January 1, 2021. It is expressly agreed that this Consent Decree is binding on Defendants in their official capacities and upon Defendants' successors during the term of the Consent Decree.

## I. AGREED UNDERTAKINGS

A. Voting Equipment and/or Electronic Poll Book Mechanical Failure or Malfunction

1. To ensure that lawfully registered Virginia voters who are required to cast a paper or provisional ballot for no other reason than the failure or malfunction of electronic poll books do not risk disenfranchisement as a result of their ballots being subject to the additional scrutiny imposed upon provisional ballots cast for other reasons, Defendants shall issue guidance to all local Boards of Elections ("BOEs") in the Commonwealth setting forth the procedures that should be followed in the event of electronic poll book or voting equipment mechanical failure or malfunction.

2. To ensure that all polling places have an adequate supply of paper or provisional ballots to distribute in the event of voting equipment or electronic poll book failure or malfunction, Defendants shall issue guidance and instruction to all local BOEs setting forth a clear method of calculation for determining the number of paper and provisional ballots a particular polling place should have for each statewide election. Defendants' guidance shall take into account certain specific criteria to be determined by election administration experts, including, for example, local historical voter registration and voter turnout patterns, to ensure that these decisions are based on the best possible prediction of necessity.

3. To enable Defendants to closely monitor the functionality of voting equipment and electronic poll book software used by BOEs, and to address any systematic or recurring issues with such equipment, Defendants shall require BOEs to document and report incidents of voter equipment and electronic poll book malfunction to the Virginia Department of Elections and the Virginia State Board of Elections within 45 to 60 days of Election Day.

4. Defendants shall re-evaluate the process by which voting machines are certified, including the frequency of the certification process.

B. <u>Pre-Election Resource Allocation Planning</u>

1. In order to ensure that BOEs make resource allocation decisions for each election based on the best possible prediction of necessity, Defendants shall make available to BOEs timely, user-friendly and easily accessible findings and recommendations regarding information such as: (1) the number and type of voting machines that should be allocated per registered voter in each precinct; (2) the number of election officers that should be on

duty per registered voter in each precinct; and (3) how to staff polling places in accordance with peak voting times. Defendants shall make such information and analyses available to each BOE at least two (2) months prior to the date on which the BOE makes its allocation decisions for each statewide election.

C. <u>Provision of Election Administration Consultants and Experts for BOEs</u>

1. Defendants shall engage cost-effective election administration and long lines experts from nonpartisan organizations and/or commissions such as the Pew Center on the States and/or the Bipartisan Policy Center to make their relevant services and tools available to BOEs. Such organizations shall be engaged for the purpose of being made available to provide recommendations directly to BOE officials to assist them in preparing election administration plans in advance of each statewide election. Experts shall be available to consult on issues including, but not limited to, the following:

   a. Polling place organization, layout, and set-up (including how to best predict and plan for potential "bottlenecks" as voters arrive at the polling place, wait to be checked in, are checked in, cast their ballots, and exit the polling place);

   b. Monitoring estimates of line length at different times throughout Election Day;

   c. Publicizing precinct wait time data;

   d. Voting equipment allocation;

   e. Election officer allocation; and

   f. Effective and efficient line management, including but not limited to advising what can be done to make any wait time productive to the voting process, such as providing sample ballots for voters who must wait in line at polling places to review while they wait.

D. Transparency of Voting Equipment Information

   1. Defendants are currently maintaining and will continue to maintain accurate, up-to-date, publicly available lists of the types of voting machines and electronic poll book software used in each precinct on the Virginia Department of Elections website.

E. Long-Term Promotion of Voting Equipment Uniformity

   1. Defendants will set forth a long-term plan to promote greater uniformity of the types of voting equipment and electronic poll book software used in each precinct in the Commonwealth.

## II. OTHER PROVISIONS

A. Dismissal of Long Lines Claim

Upon the Court's entry of this Consent Decree, the Long Lines Claim will be dismissed with prejudice.

B. Governing Law

It is agreed that this Consent Decree, the rights and duties of the Parties hereunder, and any dispute arising out of or relating to this Consent Decree, will be governed by and construed, enforced and performed in accordance with the laws of the Commonwealth of Virginia, without giving effect to principles of conflicts of laws that would require the application of laws of another jurisdiction.

C. Retention of Jurisdiction

The Parties acknowledge and agree that the Hon. Judge Henry E. Hudson, United States District Judge of the Eastern District of Virginia, has and shall maintain continuing jurisdiction over this Consent Decree and that any claims arising out of or relating in any manner to this Consent Decree shall be properly brought only before Judge Hudson in the United States District Court for the Eastern District of Virginia. In the event that Judge Hudson is unable, abstains

- 6 -

from, or is otherwise unwilling to hear a claim, the Parties consent to the reassignment of this case to another sitting judge in the Richmond Division of the United States District Court for the Eastern District of Virginia.

D. <u>Standing to Enforce this Consent Decree</u>

The only parties with standing or authority to seek enforcement of this agreement are the parties to this agreement. No person or entity that is not a party to this agreement may seek to enforce this agreement as a third-party beneficiary.

E. <u>Integration Clause</u>

The terms of this Consent Decree embody the Parties' complete and entire agreement with respect to the subject matter hereof. No statements or agreements, oral or written, made before this Consent Decree is made final shall vary or modify the written terms hereof in any way whatsoever. Moreover, nothing in this Consent Decree is or shall be deemed a waiver of any rights with respect to Plaintiffs' claims challenging the Virginia voter ID law.

F. <u>No Prevailing Party</u>

The parties to this Consent Decree shall bear their own attorney fees and costs related to the Long Lines Claim, and no party shall be considered to be a prevailing party on the Long Lines Claim for the purpose of any law, statute or regulation providing for the award or recovery of attorney fees and/or costs.

-7-

G. Notice

Any notice to be provided in connection with this Consent Decree shall be delivered in writing to:

**For Plaintiffs:**

Marc E. Elias and Bruce V. Spiva
Perkins Coie LLP
700 Thirteenth Street NW, Suite 600
Washington, DC 20005

**For Defendants:**

Mark F. (Thor) Hearne, II and Dana J. Finberg
Arent Fox LLP
55 Second Street, 21st Floor
San Francisco, CA 94105

It is SO ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: Dec. 23, 2015
Richmond, Virginia

-7-

- 8 -

SEEN AND AGREED:

By /s/ Mark E. Elias
   Marc E. Elias (admitted *pro hac vice*)
   Bruce V. Spiva (admitted *pro hac vice*)
   Elisabeth C. Frost (admitted *pro hac vice*)
   Aria C. Branch (VSB # 83682)
   Amanda R. Callais (VSB # 85891)
   Ceridwen B. Cherry (admitted *pro hac vice*)
   Perkins Coie, LLP
   700 Thirteenth Street, N.W., Suite 600
   Washington, D.C. 2005-3960
   Telephone: 202.434.1627
   Facsimile: 202.654.9106
   Email: MElias@perkinscoie.com
   Email: BSpiva@perkinscoie.com
   Email: EFrost@perkinscoie.com
   Email: ABranch@perkinscoie.com
   Email: ACallais@perkinscoie.com
   Email: CCherry@perkinscoie.com

   Joshua L. Kaul (admitted *pro hac vice*)
   **PERKINS COIE LLP**
   1 East Main Street, Suite 201
   Madison, WI 53703-5118
   Telephone: 608.663.7460
   Facsimile: 608.283.1007
   Email: JKaul@perkinscoie.com


*Attorneys for Plaintiffs*

By   /s/ Dana J. Finberg
    Dana J. Finberg (VSB # 34977)
    Arent Fox LLP
    55 Second Street, 21st Floor
    San Francisco, CA 94105
    Telephone: 415.757.5500
    Facsimile: 415.757.5501
    Email: danafinberg@arentfox.com

    Mark F. (Thor) Hearne, II (admitted *pro hac vice*)
    Arent Fox LLP
    112 S. Hanley Road, Suite 200
    Clayton, MO 63105
    Telephone: 314.296.4000
    Facsimile: 202.857.6395
    Email: Thornet@ix.netcom.com

    Stephen G. Larson (admitted *pro hac vice*)
    Arent Fox LLP
    555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013
    Telephone: 213.629.7400
    Facsimile: 213.629.7401
    Email: stephen.larson@arentfox.com

    *Attorneys for Defendants*