IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BARBARA H. LEE, *et al.*,  )
)
Plaintiffs,  )
)
v.  )   Civil Action No. 3:15CV357-HEH
)
VIRGINIA STATE BOARD OF  )
ELECTIONS, *et al.*  )
)
Defendants.  )

## MEMORANDUM ORDER
(Granting Plaintiffs' Motion to Reinstate Counts IV and V)

By Memorandum Opinion and accompanying Order entered on December 18, 2015 (ECF Nos. 110, 111), this Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. With respect to Plaintiffs' challenge to the constitutionality of the Virginia voter ID law, this Court held that the individual Plaintiffs, as well as the Virginia Democratic Party, demonstrated the requisite minimal showing of injury to withstand a challenge under Federal Rule of Civil Procedure 12(b)(1).

However, with respect to Counts IV and V, alleging intentional discrimination based on race and age, respectively, this Court questioned whether Plaintiffs' alleged injury was fairly traceable to the actions of the named Defendants. Relying on *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 753–55 (4th Cir. 2013), this Court concluded that absent some allegation that the injury resulted from the actions of the Defendants, as opposed to the actions of a third party beyond the Court's control, Counts IV and V failed

to satisfy the causation and redressability requirements of the standing inquiry. *See also Mirant Potomac River, LLC v. EPA*, 577 F.3d 223, 226 (4th Cir. 2009).

This case is presently before the Court on Plaintiffs' Motion to Reconsider its order dismissing Counts IV and V without prejudice filed pursuant to Fed. R. Civ. P. 59(e). Both parties have filed memoranda supporting their respective positions. On further review, this Court is of the opinion that Plaintiffs have demonstrated adequate standing to pursue the specific relief requested in Counts IV and V of their Amended Complaint.

Critical to this Court's analysis of the immediate motion is Plaintiffs' clarification that their allegation of intentional discrimination by the General Assembly is traceable to the named Defendants by virtue of their statutory obligation to enforce the voter ID law. Courts have held that a state official responsible for enforcing an allegedly unconstitutional law can be the proper party in an action seeking injunctive relief. *See, e.g., Diamond v. Charles*, 476 U.S. 54, 64 (1986) (noting "[t]he conflict between state officials empowered to enforce a law and private parties subject to prosecution under that law is a classic 'case' or 'controversy' within the meaning of Art. III"). In certain instances, a particular harm is traceable to a party by nature of their power to enforce the allegedly unconstitutional law, because that official represents the source of the injury. *See Wilson v. Stocker*, 819 F.2d 943, 946–47 (10th Cir. 1987). In the context of election law, there are examples in the Fourth Circuit where claims noting intentional discrimination on behalf of lawmakers were litigated not against the legislature, but against state officials responsible for enforcement. *See, e.g., Irby v. State Bd. of*

2

*Elections*, 889 F.2d 1352 (4th Cir. 1989). On further review, this appears to be such a case.

While Counts IV and V do allege intentional discrimination on the part of the General Assembly, the Plaintiffs are not seeking any particular redress from the General Assembly itself. Counts IV and V in effect provide an alternative constitutional theory supporting their core claim that the voter ID law is unlawful. Because the Plaintiffs seek injunctive relief and the named Defendants are responsible for enforcing the voter ID law, the traceability and redressability elements seem to be met. Finally, though the factual allegations underpinning Counts IV and V are very thin, taken in the light most favorable to the Plaintiffs, they are enough to create a facially plausible claim. Accordingly, Counts IV and V survive review under Rules 12(b)(1) and (b)(6).

Plaintiffs persuade this Court that Defendants' Motion to Dismiss Counts IV and V was improvidently granted. In the interest of justice and fairness to the parties, this Court will exercise its discretion under Fed. R. Civ. P. 59(e) to amend its judgment. Because Counts IV and V essentially rely on the same factual predicate as other claims in the Amended Complaint, their reinstatement result in minimal prejudice to the Defendants.

Accordingly, it is hereby ORDERED that Counts IV and V of Plaintiffs' Amended Complaint are REINSTATED.

The Clerk is directed to send a copy of this Order to all counsel of record.

3

It is so ORDERED.

                                                  /s/  
                               Henry E. Hudson  
                               United States District Judge

Date: Feb. 2, 2016  
Richmond, Virginia

4