IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BARBARA LEE, *et al.*,

    Plaintiff,

v.

VIRGINIA STATE BOARD OF ELECTIONS, *et al.*,

    Defendants.

No. 3:15CV357 HEH

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO FILE EXHIBITS A, B, G AND H UNDER SEAL REGARDING
MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT**

    Defendants Virginia State Board of Elections; James B. Alcorn, in his capacity as Chairman of the Virginia State Board of Elections; Dr. Clara Belle Wheeler, in her capacity as Vice-Chair of the Virginia State Board of Elections; Singleton B. McAllister, in her capacity as Secretary of the Virginia State Board of Elections; the Virginia Department of Elections; and Edgardo Cortés, in his capacity as Commissioner of the Virginia State Board of Elections (collectively "Defendants"), pursuant to Local Civil Rule 5, submit this Memorandum in Support of their Motion to File exhibits A, B, G and H of Defendants' Memorandum in support of Defendants' Motion for Partial Summary Judgment Regarding DPVA's Standing to Assert Claims on Behalf of Individual Voters Allegedly Impacted By Virginia's Voter Identification Law.

    1.    Defendants rely on certain exhibits designated by Defendants as "Confidential – Attorneys Eyes Only" in support of its Memorandum In Support of Defendants' Motion for Partial

Summary Judgment. These documents have been designated as such in accordance with the Protective Order entered in the above-captioned case on October 9, 2015 (D.I. 81).

2. So long as these documents are designated "Confidential" and/or "Confidential Attorneys' Eyes Only," Defendants are required under the Protective Order dated October 9, 2015, (D.I. 81) to move that these documents be filed under seal.

3. The information that Defendants requests to seal is not the type of information that is covered by the First Amendment's right of access to judicial records. Under the Fourth Circuit precedent, "the First Amendment guarantee of access has been extended only to particular judicial records and documents. *See, e.g.*, *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (documents filed in connection with summary judgment motion in civil case); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (documents filed in connection with plea hearings and sentencing hearings in criminal case)." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988) (citations completed); *see also Virginia Dep't of State Police v. The Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Accordingly, this Court need not find that there exists a compelling government interest for sealing the documents. *See Stone*, 855 F.2d at 180-81.

While the common law presumption of the right to inspect and copy judicial documents "attaches to all 'judicial records and documents,'" *Stone*, 855 F.2d at 180 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)), "[t]his right of access to court records is not absolute," *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.2d at 235. When determining whether particular records submitted in a judicial proceeding should be sealed, a court considers "whether

the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (citing *Nixon*, 435 U.S. at 597-608); *see also In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 293 (4th Cir. 2013) (same).

5. The public has no meaningful or substantial interest in knowing such protected information contained in exhibits A, B, G and H to Memorandum In Support of Defendants Partial Motion for Summary Judgment. The release of this specific information will not result in an enhanced public understanding of any issues of public concern.

THEREFORE, Defendants respectfully request that the court grant their Motion and Order that exhibits A, B, G and H to Memorandum In Support of Defendants Partial Motion for Summary Judgment be filed under seal.

DATED: February 5, 2016

Respectfully submitted,

*/s/ Dana J. Finberg*
DANA J. FINBERG
Arent Fox LLP
55 Second Street, 21st Floor
San Francisco, CA 94105
Tel: (415) 757-5500
Fax: (415) 757-5501
dana.finberg@arentfox.com

MARK F. (THOR) HEARNE, II
Arent Fox LLP
112 S. Hanley Road, Suite 200
Clayton, MO 63105
Tel: (314) 296-4000
Fax: (202) 857-6395
thornet@ix.netcom.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Court's CM/ECF system on February 5, 2016, to the following:

Marc E. Elias
Bruce V. Spiva
Elisabeth C. Frost
Aria C. Branch
Perkins Coie LLP
700 13th Street, NW, Suite 600
Washington, DC 20005-3690

Joshua L. Kaul
Perkins Coie LLP
1 East Main Street, Suite 201
Madison, WI 53703

*/s/ Dana J. Finberg*
DANA J. FINBERG

*Counsel for Defendants*